**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff,<br><br>v.<br><br>**BEAN GOMEZ-CEPEDA,** Defendant. | **CRIMINAL NO. 25-300(CVR)** |

RECEIVED & FILED
CLERK'S OFFICE
SEP 30 2025
US DISTRICT COURT
SAN JUAN, PR

## PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, **Bean Gomez-Cepeda**, and Defendant's counsel, Stephanie Torres, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state that they have reached a Plea Agreement, the terms, and conditions of which are as follows:

**1. Charges to which Defendant will Plead Guilty**



Defendant agrees to plead guilty to Count One of the Indictment:

<u>COUNT ONE</u>
**Resisting, Opposing, or Impeding Certain Officers or Employees**
(18 U.S.C. § 111)

On or about June 30, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

**BEAN GOMEZ-CEPEDA,**

did forcibly resist, oppose, and impede a person designated in 18 U.S.C. § 1114, to wit: G.O and L.O., federal agents who were engaged in official duties, with a dangerous weapon. All in violation of 18 U.S.C. §§ 111(a)(1) and 111(b).

Defendant will be pleading guilty to the lesser included offense of Resisting, Opposing, or Impeding an Officer of the United States with Intent to Commit another Felony in violation of 18 U.S.C. § 111(a)(1).

**2. Maximum Penalties**

<u>Count One</u>: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of up to twenty years, pursuant to 18 U.S.C. § 111(b); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

However, the maximum statutory penalty for the lesser included felony offense to which Defendant is pleading guilty in Count One (Resisting, Opposing, or Impeding an Officer of the United States with Intent to Commit another Felony in violation of 18 U.S.C. § 111(a)(1)) is a term of imprisonment of up to eight years, pursuant to 18 U.S.C. § 111(a)(1); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

BGG
STP

**3. Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's

sentence may not be suspended.

**4. Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

**5. Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

DPR

**6. Sentence to be Determined by the Court**




Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge or a United Sates Magistrate Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

**7. Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines

calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

<table>
<tr><th colspan="6">SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE: 111(a)(1)</th></tr>
<tr><td colspan="5">Base Offense Level pursuant to U.S.S.G. § 2A2.4 (a)</td><td>10</td></tr>
<tr><td colspan="5">Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1</td><td>-2</td></tr>
<tr><td colspan="5">Zero-point Offender pursuant to U.S.S.G. § 4C1.1</td><td>-2</td></tr>
<tr><td colspan="5">TOTAL ADJUSTED OFFENSE LEVEL</td><td>6</td></tr>
<tr><td>CH Cat. I</td><td>CH Cat. II</td><td>CH Cat. III</td><td>CH Cat. IV</td><td>CH Cat. V</td><td>CH Cat. VI</td></tr>
<tr><td>0-6</td><td>1-7</td><td>2-8</td><td>6-12</td><td>9-15</td><td>12-18</td></tr>
</table>

**8. Sentence Recommendation**

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of time served, followed by a term of supervised release as mandated by law.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.




**9. No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

**10. Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court in this case is within or below the Guidelines range for the total offense level calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect

of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**11. No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

DPR

**12. Satisfaction with Counsel**




Defendant is satisfied with counsel, Stephanie Torres, Esq., and asserts that counsel has rendered effective legal assistance.

**13. Rights Surrendered by Defendant Through Guilty Plea**

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.



e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**14. Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**15. Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**16. Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

**17. Amendments to Plea Agreement**



No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

**18. Dismissal of Remaining Counts**

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

**19. Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

**20. Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.



DPR

**21. Potential Impact on Immigration Status**

Defendant is an alien. Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, Defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

W. Stephen Muldrow
United States Attorney

Jeanette M. Collazo-Ortiz
Assistant U.S. Attorney
Deputy Chief, Violent Crimes Division
Dated: 9.9.2025

Stephanie Torres, Esq.
Counsel for Defendant
Dated: 9|29|2025

DPR

César E. Rivera Díaz
Assistant U.S. Attorney
Dated: 9/9/2025

Bean M Gomez

Bean Gomez-Cepeda
Defendant
Dated: 9-29-2025

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 9-25-2025

Bean M Gomez
Bean Gomez-Cepeda
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 9/25/2025

Stephanie Torres, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Bean Gomez-Cepeda admits that Defendant is guilty as charged in the Indictment and admits the following:

On June 30, 2025, HSI and IRS agents were conducting surveillance to intercept a known HSI target. They saw the target's vehicle coming out of a factory in Juncos, PR and proceeded to perform a traffic stop. Upon approaching the target vehicle in an unmarked Toyota that had blue lights, the target vehicle made a U-turn and headed back towards the factory. The agents continued to use their blue lights and sirens to signal the driver of the target vehicle to stop. However, the driver (later identified as Bean Gomez-Cepeda), did not stop and continued to drive on erratically. In doing so, Gomez-Cepeda collided on multiple occasions with the federal patrol vehicle of G.O. and L.O. who were attempting to stop him. Eventually, Gomez-Cepeda was forced to stop and was arrested. Gomez-Cepeda waived his rights and admitted, among other things, that he knew he was being followed by immigration authorities.

Gomez-Cepeda admits and stipulates that he resisted, impeded, and opposed HSI officer G.O. and IRS officer L.O., who were at the time engaging in their official duties as federal officers with the intent to commit to commit another felony (violation of 18 U.S.C. § 1361).

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and

documentary evidence, which would have proven beyond a reasonable doubt Gomez-Cepeda's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant is guilty as charged in Count One of the Indictment.

Discovery was timely made available to Defendant for review.

César E. Rivera Díaz
Assistant U.S. Attorney
Dated: 9/9/2025

Stephanie Torres, Esq.
Counsel for Defendant
Dated: 9|25|2025

Bean M Gomez

Bean Gomez-Cepeda
Defendant
Dated: 9-25-25

DPR